■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLIAMS, Appellant. [627 NYS2d 781] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 25, 1991, convicting him of murder in the second degree (two counts), robbery in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

Following a Wade hearing, the court properly found that the totality of circumstances surrounding the lineup indicates that the lineup procedure in which the defendant was identified was not unduly suggestive (see generally, People v Chipp, 75 NY2d 327, cert denied 498 US 833).

We also reject the defendant's contention that his statements to the police should have been suppressed. The totality of the circumstances indicate that the defendant's statements were voluntarily made. The defendant was properly advised of and waived his constitutional rights. While initially denying his role in the murder, robbery, and burglary, the defendant subsequently made a lengthy and detailed inculpatory statement after failing the polygraph test, and there was no evidence that anyone misrepresented the efficacy or legality of the polygraph examination which the defendant requested to prove his innocence. Nor did the police use any stratagems so fundamentally unfair as to deny the defendant due process (see, People v Tarsia, 50 NY2d 1; cf., People v Leonard, 59 AD2d 1). The defendant's refusal to sign any statements with regard to his confession indicates that he was not intimidated by the situation.

We have considered the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.